UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**ROCKY WILLIAM WOZNY-MCCULLOUGH**,

Debtor.

Case No. **11-61594-7**

# MEMORANDUM OF DECISION

At Butte in said District this 15th day of November, 2011.

After due notice, hearing was held in this Chapter 7 case at Missoula on November 10, 2011, on the Debtor's Motion for Sanctions ("Motion") (Docket No. 13) against Reid L. Steinfeld and Grant & Weber for garnishment of Debtor's wages in California on or after the petition date of August 18, 2011. No objection was filed, and no appearance was made at the hearing in opposition to Debtor's Motion by or on behalf of Reid L. Steinfeld or Grant & Weber. The Debtor Rocky William Wozny-McCullough appeared pro se, and affirmed under oath that he had suffered damages as a result of garnishment of his wages by the Los Angeles Sheriff's Department post-petition, at the instigation of Reid L. Steinfeld and Grant & Weber, in the amounts of $172.03 and $166.85. At the conclusion of the hearing the Court ordered that the garnished wages, in the total amount of $338.88, shall be paid to the Debtor by Reid L. Steinfeld

1

and Grant & Weber.  In addition the Court awarded the Debtor $5.10 for mileage, plus $112.00 for the vacation date Debtor took to attend the hearing, to be paid by Reid L. Steinfeld and Grant & Weber.  Finally, the Court imposed punitive damages against Reid L. Steinfeld or Grant & Weber in the amount of $1,500.00 for their failure to take corrective action to prevent the garnishment post-petition, as is required under Ninth Circuit law.

This Court has jurisdiction of this Chapter 7 bankruptcy case under 28 U.S.C. § 1334(a). Debtor's Motion for Sanctions against Reid L. Steinfeld and Grant & Weber for willful violation of the automatic stay is a core proceeding under 28 U.S.C. § 157(b)(2).  This Memorandum includes the Court's findings of fact and conclusions of law.

Debtor's Motion seeks return of garnished wages and for sanctions against Reid L. Steinfeld and Grant & Weber for willful violation of the stay under 11 U.S.C. § 362(h).  The Bankruptcy Abuse Prevention and Consumer Protections Act of 2005, effective for most provisions on October 17, 2005, amended 11 U.S.C. § 362(h) and redesignated it as 11 U.S.C. § 362(k).

Debtor filed his Chapter 7 petition on August 18, 2011.  The Notice of Commencement of the case and prohibited actions was sent to creditors, and sent to Reid L. Steinfeld of Grant & Weber, on August 20, 2011.  The Notice advises creditors in bold and enlarged print: "Creditors may not take certain actions"; then states: "[T]he filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property, and certain codebtors.  If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized."  On the second page of the Notice the second "Explanations" box from the top states: "Creditors May Not State Certain Actions" with the further explanation:

> Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor, repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and *garnishing or deducting from the debtor's wages*. [Emphasis added].

Debtor testified that the L.A. Sheriff garnished his wages on August 19, 2011, and again on September 15, 2011. He understood how the first garnishment occurred, but testified that Grant & Weber told him that it was his responsibility to contact the L.A. Sheriff to stop the garnishment, which he did. After the second garnishment and Debtor's contact, the L.A. Sheriff ceased garnishing his wages, but the uncontroverted testimony is that the garnished wages, in the total amount of $338.88, still has not been returned to the Debtor.

In addition, Debtor testified that he incurred phone charges dealing Grant & Weber, which he stated cost him $35 per month, incurred mileage of 10 miles, and that he took a vacation day to attend the hearing. He testified that his vacation day is worth $112 from his employment at Costco. The Court awarded the Debtor mileage at the federal rate of $.51 per mile.

## DISCUSSION

The Debtor's filing of his Chapter 7 bankruptcy petition on August 18, 2011, gave rise to an "automatic stay". 11 U.S.C. § 362(a). The Ninth Circuit construed the automatic stay in *In re Gruntz*, 202 F.3d 1074, 1081-82 (9th Cir. 2000):

> The automatic stay is self-executing, effective upon the filing of the bankruptcy petition. *See* 11 U.S.C. § 362(a); *The Minoco Group of Companies v. First State Underwriters Agency of New England Reinsurance Corp.* (*In re The Minoco Group of Companies*), 799 F.2d 517, 520 (9th Cir.1986). The automatic stay sweeps broadly, enjoining the commencement or continuation of any judicial, administrative, or other proceedings against the debtor, enforcement of prior judgments, perfection of liens, and "any act to collect, assess or recover a claim

3

against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(6).

The Ninth Circuit Bankruptcy Appellate Panel ("BAP") explained the automatic stay in *Balyeat Law Offices, P.C. v. Campbell*, 14 Mont. B.R. 132, 136-37 (9th Cir. BAP 1995):

> "Congress' intent in enacting § 362(a) is clear--it wanted to stop collection efforts for all antecedent debts." *Gonzales v. Parks*, 830 F.2d 1033, 1035 (9th Cir. 1987) (*quoting In re M. Frenville Co., Inc.*, 744 F.2d 332, 334 (3rd Cir. 1984). *cert. denied*, 469 U.S. 1160 (1985). "Section 362(a) automatically stays a wide array of collection and enforcement proceedings." *Pennsylvania Dept. of Public Welfare v. Davenport*, 49 5 U.S. 552, 560 (1990). See also *Delpit v. C.I.R.*, 18 F.3d 768, 770 n.1 (9th Cir. 1994). "Section 362 is extremely broad in scope and should apply to almost any type of formal or informal action." *Id.* at 771 (*quoting 2 COLLIER ON BANKRUPTCY*, § 362.04 at 362-34 (15th ed. 1993). It "prohibits acts that, but for the stay, would be lawful." *In re Zartun*, 30 B.R. 543, 545 (9th Cir. BAP 1983). The stay is created for the benefit of the debtor, the debtor's property and the debtor's estate. *In re Casqul of Nevada, Inc.*, 22 B.R. 65, 66 (9th Cir. BAP 1982).

The Ninth Circuit has repeatedly reiterated the broad scope of the automatic stay as "one of the most important protections in bankruptcy law." *See In re Risner*, 317 B.R. 830, 835 (Bankr. D. Idaho 2004), quoting *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1214-15 (9th Cir. 2002)[1]; *Hillis Motors, Inc. v. Hawaii Auto Dealers' Assoc.*, 997 F.2d 581, 585 (9th Cir. 1993).

Given the broad, self-executing, automatic stay described above, the Court notes the undisputed evidence from both Debtor's testimony establishes that Reid L. Steinfeld and Grant & Weber Dish Network violated the automatic stay by attempting collection of prepetition debt after the petition date, and that such actions taken in violation of the automatic stay are void, not merely voidable. *Gruntz*, 292 F.3d at 1082; *40235 Washington Street Corp. v. Lusardi*, 329 F.3d 1076, 1082 (9th Cir. 2003); *Schwartz v. United States*, 954 F.2d 569, 570-71, 575 (9th Cir.1992); *In re*

---

[1] At footnote 5 *Risner* quotes *Eskanos v. Adler* that: "Consistent with the plain and unambiguous meaning of the statute, and consonant with Congressional intent, we hold that § 362(a)(1) imposes an affirmative duty to discontinue post-petition collection actions." 317 B.R at 835 n.5, quoting *Esklanos v. Adler*, 309 F.3d at 1215.

*Deines*, 17 Mont. B.R. 114, 115 (Bankr. D. Mont. 1998); *Hillis Motors, Inc. v. Hawaii Auto Dealers' Assoc.*, 997 F.2d at 586.

A creditor who attempts collection of prepetition debt after it knows of the debtor's bankruptcy is subject to sanctions for willful violation of the automatic stay. *In re Del Mission Ltd.*, 98 F.3d 1147, 1151 (9th Cir.1996); *see In re Goodman*, 991 F.2d 613 (9th Cir.1993). The evidence shows that the first garnishment by Reid L. Steinfeld and Grant & Weber took place post-petition, but before the Notice of Commencement of the case was sent to Reid L. Steinfeld. However, Reid L. Steinfeld and Grant & Weber failed their duty to stop the second garnishment, and failed their duty to get the garnishment monies returned to the Debtor.

**I. § 362(k) – Willful Violation of the Stay.**

This Court construed 11 U.S.C. § 362(a) & (h)[2] in *In re Reece*, 15 Mont. B.R. 474, 477-78 (Bankr. D. Mont. 1996):

> As to the relevant Bankruptcy Code provisions, when a debtor files a bankruptcy petition, a stay is automatically imposed applicable against all creditor collection activity. 11 U.S.C. § 362(a). The stay is effective upon the date of the filing of the petition; and does not depend on formal service of process. *In re Smith*, 876 F.2d 524, 526 (6th Cir.1989). Furthermore, the Code requires the creditor, pursuant to § 362(d), to take affirmative action to obtain relief from stay from a bankruptcy court. In the absence of affirmative action on the part of the creditor to obtain relief from stay, § 362(a) prevents the creditor from attempting to enforce its rights against a debtor. See *In re Sharon*, 200 B.R. 181, 187 (Bankr. S.D.Oh. 1996).
>
> Turning to the law governing violation of the automatic stay, 11 U.S.C. § 362[k], this Court has held:
>
> > To be actionable, a violation of the automatic stay must be "willful." In *In re Bloom*, 875 F.2d 224, 227 (9th Cir.1989), the term "willful",

---

[2] Section 362(h) was renumbered § 362(k) in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") (Pub. L. 109-8), effective October 17, 2005. References in earlier cases to § 362(h) have been changed.

>as used in § 362[k] was addressed and defined: "This circuit has not defined 'willful' as it is used in subsection (h). A useful definition, which we now adopt, was provided by the bankruptcy court for the district of the District of Columbia: A 'willful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was 'willful' or whether compensation must be awarded. *Inslaw, Inc. v. United States* (*In re Inslaw, Inc.*,), 83 B.R. 89, 165 (Bankr.D.D.C.1988)."

*In re Christopherson,* 8 Mont. B.R. 213, 111 B.R. 920, 922 (Bankr. Mont. 1990). The Court further explained:

>"[T]he relief provided for willful violation of the stay under 11 U.S.C. § 362[k] is mandatory" since § 362[k] supplements but does not replace the pre-existing remedy of civil contempt. *In re Lile*, 103 B.R. 830, 836 (Bankr.S.D.Tex.1989). Thus, when a party acts with knowledge of a pending bankruptcy, a violation of the stay is considered willful and damages must be assessed, *Id*. at 836, for "[T]he creditor takes the risk of being assessed for damages if he fails to obtain clarification from the bankruptcy court." *Id*. at 837, citing *In re Clark*, 49 B.R. 704, 707 (Bankr.D.Guam 1985); and *In re Pody*, 42 B.R. 570, 573-574 (Bankr.N.D.Ala.1984). *Lile*, supra, at 841 further states that where a Debtor is forced to resort to the courts to enforce his right, attorney's fees should be awarded to the Debtor under § 362[k]. See also, *In re Price*, 103 B.R. 989 (Bankr.N.D.Ill.1989).

*Id*. at 923.

The above test for willful violation under § 362(k), (1) that the creditor knew of the stay, and (2) the creditor's actions which violated the stay were intentional, was repeated in *Roman*, 283 B.R. 1, 8 (9th Cir. BAP 2002), which also noted the above standard that lack of specific intent to violate the stay is not a required element to find a willful violation, and that "it is clear that once a creditor or actor learns or is put on notice of a bankruptcy filing, any actions intentionally taken thereafter are 'willful' within the contemplation of § 362[k]." *Risner*, 317 B.R. at 835; *Eskanos &*

6

*Adler*, 309 F.3d at 1214-15. In *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1191 (9th Cir. 2003), the Ninth Circuit noted that § 362(k) provides for damages for willful violation of the stay upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were willful. *See Havelock v. Taxel*, 67 F.3d 187, 191 (9th Cir. 1995) (cited in *Roman*, 283 B.R. at 12-13). Further, a party with knowledge of bankruptcy proceedings is charged with knowledge of the automatic stay. *Dyer*, 322 F.3d at 1191, *citing Pinckstaff v. United States*, 974 F.2d 113, 115 (9th Cir. 1992).

When served by mail with the Notice of Commencement of Debtor's Chapter 7 bankruptcy, Reid L. Steinfeld and Grant & Weber Dish Network should have ceased all collection efforts until they obtained clarification or relief from the stay from this Court. *In re Forty-Five Fifty-Five, Inc.*, 111 B.R. 920, 923 (Bankr. D. Mont. 1990), quoting *Lile*, 103 B.R. at 837. Instead Reid L. Steinfeld and Grant & Weber ignored the Notice, failed their duty to get the first garnishment returned and failed to stop the second garnishment. When Debtor filed his Motion for Sanctions, Grant & Weber asked him to withdraw it while the L.A. Sheriff works through its procedures to return the garnished wages. Reid L. Steinfeld and Grant & Weber failed to file a response to Debtor's Motion for Sanctions. They failed to appear and oppose Debtor's Motion at the hearing.

*In re Forty-Five Fifty-Five, Inc.*, 111 B.R. at 923 explains that "when a party acts with knowledge of a pending bankruptcy, a violation of the stay is considered willful and damages must be assessed." *Lile*, 103 B.R. at 836. An innocent stay violation can become willful if the creditor fails to remedy the violation after receiving notice of the stay. *Del Mission Ltd.*, 98 F.3d at 1151; *Abrams v. Southwest Leasing and Rental Inc.*, 127 B.R. 239, 241-44 (9th Cir. BAP 1991). Reid L. Steinfeld's and Grant & Weber's attempts at collection, and failure to reverse the garnishment,

7

shown by Debtor's testimony were intentional and with knowledge of the bankruptcy stay, and as such they were willful violations of the stay. *Eskanos & Adler*, 309 F.3d at 1214-15; *Dyer*, 322 F.3d at 1191; *Roman*, 283 B.R. at 8; *Risner*, 317 B.R. at 835; *Reece*,15 Mont. B.R. at 477-78.

"The creditor takes the risk of being assessed for damages if he fails to obtain clarification from the bankruptcy court." *In re Forty-Five Fifty-Five, Inc.*, 111 B.R. at 923, quoting *Lile*, 103 B.R. at 837. A party's violation of the stay may be willful even if a creditor believed itself justified in taking an action found to be violative of the automatic stay. *In re Cinematronics, Inc.,* 111 B.R. 892, 900 (Bankr. S.D. Cal. 1990), the court wrote:

> The creditor takes a calculated risk where it undertakes to make its own determination of what the stay means. *In re Gray*, 97 B.R. 930, 936 (Bankr. N.D. Ill. 1989). To disagree with Theodore Roosevelt, at least when the automatic stay is concerned, it is far better to be a "timid soul" who seeks a court determination of the limits of the stay, rather than to fail "while daring greatly".
>
> The BAP explained in *Campbell*, 14 Mont. B.R. at 149-50:
>
>> Section 362[k] provides:
>>
>>> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.
>>
>> "Whether the party believes in good faith that it had the right to property is not relevant to whether the act was willful or whether compensation must be awarded." [*In re Abrams*, 127 B.R. 239, 243 (9th Cir. BAP 1991)]. A willful violation of the stay occurs where the party accused of such violation acts intentionally with the knowledge that the automatic stay is in place. Specific intent to violate the stay is not required. *Bloom*, 875 F.2d at 226.

*In re McMillan*, 18 Mont. B.R. 21, 29 (Bankr. D. Mont. 1999).

Under the above authority, § 362(k) permits a person injured by any willful violation to recover actual and punitive damages. *Eskanos & Adler*, 309 F.3d at 1215. Debtor's Motion

8

requests punitive damages. The BAP explained in *Campbell*, 14 Mont. B.R. at 149-50, that § 362(k) provides that an individual injured by any willful violation of a stay may recover, in appropriate circumstances, punitive damages. *See also, In re McMillan*, 18 Mont. B.R. at 29. Debtor testified at the hearing that Grant & Weber told him that it was his responsibility to stop the garnishment by the L.A. Sheriff. That is clearly contrary to Ninth Circuit law cited above, and inconsistent with an attorney's ethical obligations practicing in this District. The Court found that Grant & Weber's actions were totally unjustified, and the Court awarded punitive damages against Reid L. Steinfeld and Grant & Weber in the amount of $1,500.00 for their conduct and failure to take corrective action to stop the garnishment in violation of the stay.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334 and 157.

2. The Debtor's Motion for Sanctions for violation of the stay is a core proceeding under 28 U.S.C. § 157(b).

3. The Debtor satisfied his burden of proof by a preponderance of the evidence to show that the violations of the automatic stay by Reid L. Steinfeld and Grant & Weber were willful and that actual damages, costs, and $1,500 in punitive damages are appropriate as sanctions under 11 U.S.C. § 362(k).

4. Reid L. Steinfeld and Grant & Weber failed their burden to prevent stay violations and undo them. *In re Roman*, 283 B.R. 1, 12 (9th Cir. BAP 2002).

**IT IS ORDERED** that a separate Order shall be entered granting Debtor's Motion for Sanctions against Reid L. Steinfeld and Grant & Weber for willful violation of the automatic stay under 11 U.S.C. § 362(k); and imposing sanctions for willful violations of the automatic stay in

conformity with the above Memorandum of Decision, including actual damages from garnishment of Debtor's wages in the total amount of $338.88, plus $5.10 for mileage, plus $112.00 for vacation time, plus punitive damages in the amount of $1,500.00 for their failure to take corrective action, for a total award in the amount of $1,955.98.

          BY THE COURT

          */s/ Ralph B. Kirscher*
          HON. RALPH B. KIRSCHER
          U.S. Bankruptcy Judge
          United States Bankruptcy Court
          District of Montana